

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,420-01

## EX PARTE WILLIE MORNEL THOMAS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-297-W012152-1234864-A IN THE 297TH DISTRICT COURT
## FROM TARRANT COUNTY

*Per curiam*. KELLER, P.J., and YEARY, J., dissented.

## O P I N I O N

Applicant was convicted of capital murder and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. *Thomas v. State*, No. 02-11-00289-CR (Tex. App.—Ft. Worth Nov. 9, 2012)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This Court initially filed and set Applicant's application to examine whether "knowing use" and "unknowing use" of false testimony claims should employ different

standards of materiality or, in at least some cases, be susceptible to different standards of harm. Having reviewed the parties' briefs, and having heard oral argument, we now conclude that our decision to file and set on that issue was improvident.

As to the merits of the application, Applicant alleges, among other things, that the State presented false and material DNA expert testimony which violated his due process rights. At trial, DNA analyst Christina Capt testified that Applicant could not be excluded from the DNA mixture on the trigger of the murder weapon, that all the other co-defendants were excluded, and that 99.8% of all randomly tested individuals would be excluded from the profile. The State argued that Applicant was the shooter based on that testimony.

Pursuant to a request for post-conviction forensic DNA testing, the Texas Department of Public Safety (DPS) conducted probabilistic genotyping analysis on a DNA mixture profile recovered from the trigger of the pistol used in the offense. The new DNA interpretation report states that the mixture on the trigger was from three individuals and that the new interpretation "indicates support for the proposition that Willie Thomas is excluded as a possible contributor to the profile." This directly contradicts the expert's testimony at trial.

Therefore, while the analyst's testimony was not erroneous under the standards used at the time of trial, under the current updated DNA interpretation, the analyst's testimony is now known to be false. Applicant argues that there is a reasonable likelihood that such testimony affected the jury, and he would not have been found guilty without that false testimony.

This Court has stated that "in any habeas claim alleging the use of material false testimony, this Court must determine (1) whether the testimony was, in fact, false, and, if so, (2) whether the testimony was material." *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). To determine whether testimony is false, the proper question is whether the particular testimony, taken as a whole, gives the jury a false impression. *Ex parte Ghahremani*, 332 S.W.3d 470, 478 (Tex. Crim. App. 2011). False testimony is material if there is a reasonable likelihood that the testimony affected Applicant's conviction or sentence. *Ex parte Chavez*, 371 S.W.3d 200, 206-207 (Tex. Crim. App. 2012).

The trial court finds that the State emphasized the DNA results in its closing arguments and that the appellate court relied on the DNA results in upholding the sufficiency of the evidence to support Applicant's conviction. It finds that the DNA interpretation was material and false and that Applicant's due process rights were violated by the use of such testimony. The State and the trial court agree that Applicant should be granted relief under this ground.

This Court has reviewed the record with respect to the allegation presented by Applicant and finds that the findings and conclusions entered by the trial court are supported by the record. Relief is granted. *Ex parte Ghahremani*, 332 S.W.3d 470, 478 (Tex. Crim. App. 2011); *Ex parte Chavez*, 371 S.W.3d at 206-207.

The judgment in cause number 1234864R in the 297th District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant

County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 8, 2023

Do Not Publish